J-S18024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JARVIS L. MITCHELL | : | |
| Appellant | : | No. 1191 WDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000053-2019

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: September 3, 2024**

Jarvis L. Mitchell appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Mitchell's counsel has filed an **Anders**[1] brief and a petition to withdraw as counsel. We affirm the order dismissing Mitchell's PCRA petition and grant counsel's petition to withdraw.

In January 2020, Mitchell entered a negotiated guilty plea to corrupt organizations and drug delivery resulting in death.[2] He was sentenced to an aggregate term of imprisonment of 108 to 240 months. Mitchell did not file a post-sentence motion or direct appeal.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. §§ 911(b)(3) and 2506(a), respectively.

Mitchell filed a *pro se* PCRA petition in January 2021. Counsel was appointed and subsequently filed a **Turner/Finley**[3] no-merit letter and a petition to withdraw as counsel.

In May 2023, the PCRA court issued a Rule 907 notice of intent to dismiss the petition without a hearing, along with an accompanying opinion. **See** Pa.R.Crim.P. 907(1). In its Rule 907 opinion, the court determined that counsel's **Turner/Finley** no-merit letter and petition to withdraw substantially complied with the procedural requirements for withdrawing from representation. **See** Rule 907 Opinion, 5/18/23, at 4. It then conducted an independent review of the issues raised in Mitchell's PCRA *pro se* petition and determined that they were meritless. **Id.** at 4-15. The court granted counsel's request to withdraw as counsel. Order, 5/18/23.

Mitchell filed a *pro se* response to the court's Rule 907 notice, and the PCRA court subsequently dismissed Mitchell's petition by order entered August 23, 2023. The court stated in its order that it had reviewed Mitchell's *pro se* response to its Rule 907 notice and concluded that Mitchell's issues were meritless. Order, 8/23/23, at 2. The order provided that Mitchell could "appeal this [o]rder within thirty (30) days pursuant to Pa.R.A.P. 903 and is entitled to counsel on appeal from his first PCRA petition." **Id.** at 3.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On October 3, 2023, Mitchell filed a *pro se* notice of appeal.[4] The PCRA court scheduled a **_Grazier_**[5] hearing for October 23, 2023. At the hearing, Mitchell requested that counsel be appointed, and the court appointed counsel. The court then issued a Pa.R.A.P. 1925(b) order, and, in lieu of a Rule 1925(b) statement, counsel filed a statement of intent to file an **_Anders_** brief. **_See_** Pa.R.A.P. 1925(c)(4). Counsel filed an **_Anders_** brief and a petition to withdraw with this Court. Mitchell did not file a response to counsel's petition to withdraw.

Counsel raises the following issues in the **_Anders_** brief:

1. Was trial counsel ineffective for failing to argue that the Commonwealth erred in adding the drug delivery resulting in death charges after the preliminary hearing?

2. Was trial counsel ineffective in failing to argue that the evidence that bound over the charges in this case from the preliminary hearing based on inconsistent statements made by the Commonwealth's witnesses and did his trial attorney err in failing to point out those discrepancies?

3. Was trial counsel ineffective in failing to argue that the Commonwealth violated the discovery standards set forth in **_Brady v. Maryland_**, 373 U.S. 83 (1963), by withholding pieces of evidence, including the

---

[4] Although Mitchell's *pro se* notice of appeal is facially untimely, we decline to quash. The trial court docket does not indicate service of the final order dismissing the PCRA petition on Mitchell. **_See_** Pa.R.Crim.P. 114(C)(2)(c). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings." **_Commonwealth v. Midgley_**, 289 A.3d 1111, 1117 (Pa.Super. 2023). "Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **_Id._**

[5] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

- 3 -

> Commonwealth's witness' statements, criminal records, and plea agreements?

*Anders* Br. at 1-2.

We first point out that the proper filing in this case would be a *Turner/Finley* no-merit letter or brief, rather than an *Anders* brief, as counsel wishes to withdraw on an appeal denying PCRA relief. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). However, "[b]ecause an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Id.* Thus, we analyze whether counsel's brief meets *Turner/Finley*.

A *Turner/Finley* brief must: "(1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa.Super. 2019). Counsel also must contemporaneously send to the petitioner a copy of the brief, a copy of counsel's motion to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or with privately retained counsel. *Widgins*, 29 A.3d at 818. If counsel satisfies the technical requirements, this Court must conduct its own review of the merits of the case. *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). If we agree with counsel that the claims are without merit, we will allow counsel to withdraw and deny relief. *Id.*

Here, counsel has substantially complied with the requirements of *Turner/Finley*. Counsel detailed her review of the record and concluded that

Mitchell's claims are meritless. She also provided the brief to Mitchell and advised him of his right to retain new counsel or proceed *pro se*. Counsel additionally provided Mitchell with a copy of the petition to withdraw. Thus, we proceed to the issues counsel has identified.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Mitchell raises several claims of counsel's ineffectiveness. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). To obtain relief based on a claim of ineffectiveness, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). Prejudice in this context means that, "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Commonwealth v. Velazquez***, 216 A.3d 1146, 1149 (Pa.Super. 2019) (citation omitted). A failure to meet any of these prongs bars a petitioner from obtaining relief. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012).

Mitchell first claims that his plea counsel was ineffective for causing him to enter an unknowing plea. ***See*** PCRA Petition, filed 1/26/21, at 6-7. He

further claims that his prior PCRA counsel was ineffective for failing to raise plea counsel's effectiveness regarding this issue. **See** Mitchell's *Pro Se* Response in Opposition to the Court's [Rule] 907 Notice, filed 8/3/23. at 6-7.[6]

"[C]laims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa.Super. 1996) (*en banc*). The "voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa.Super. 2003) (quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002)) (alteration in original). "The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[.]" **Commonwealth v. Diaz**, 913 A.2d 871, 873 (Pa.Super. 2006) (citation omitted). "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." **Id.** (citation omitted).

Before accepting a plea, the trial court must conduct an on-the-record inquiry to determine whether the plea is voluntarily and knowingly tendered. **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). The court must develop a record that affirmatively shows that the defendant understands: (1) the nature of the charges to which the

---

[6] Although counsel's **Anders** brief does not list the issue of counsel's ineffectiveness as to the voluntariness of Mitchell's guilty plea in the Statement of Questions Presented for Review, counsel addressed this issue within the brief. **See Anders** Br. at 4.

defendant is pleading guilty; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the permissible ranges of potential sentences and fines; and (6) that the court is not bound by the terms of the agreement unless it accepts it. *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa.Super. 2016). In deciding whether a guilty plea was knowing, intelligent, and voluntary, a court should consider the totality of the circumstances surrounding the entry of the plea. *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999). Additionally, a defendant who elects to plead guilty is required to answer all questions during the plea colloquy truthfully and may not later assert grounds for withdrawing the plea that contradict the defendant's statements during the colloquy. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

Here, the PCRA court determined that Mitchell's plea was made knowingly, voluntarily, and intelligently. *See* Rule 907 Op. at 7. The record supports its conclusion. Prior to entering his guilty plea, Mitchell watched a court video explaining his legal rights. The video stated that by pleading guilty, a defendant gives up certain rights, including the right to a jury trial, the right to file pre-trial motions, the right to object to the authenticity and accuracy of any reports, and the right to raise any defenses. N.T. Plea Hearing, 1/10/20, at 16-17. The court also explained that if Mitchell entered a guilty plea, any grounds for appeal would be limited to the following: the court lacked jurisdiction; the plea was not voluntary; the sentence was illegal; and counsel was ineffective. *Id.* at 19-20.

After the video concluded, the court asked Mitchell whether he watched the video and understood his legal rights, and he replied, "Yes, sir." *Id.* at 24. The court then explained the nature of the charges to which Mitchell was pleading guilty and his range of potential sentence and fines. *Id.* at 24, 28. Mitchell responded that he understood the terms of the plea agreement and his possible sentence. *Id.* at 24-25. He also agreed to the Commonwealth's recitation of the factual basis for the plea. *Id.* at 25-27. The court further colloquied Mitchell, and Mitchell acknowledged that he was presumed innocent, he had adequate time to discuss the plea with his attorney, he had a right to a jury trial, and his decision to plead guilty was not the result of any threats or promises:

> THE COURT: Now, has anyone threatened you or used any force or other intimidation in any manner to induce you to plead guilty?
>
> [MITCHELL]: No, sir.
>
> THE COURT: Now, have you had enough time to discuss your case with your attorney?
>
> [MITCHELL]: Yes, sir.
>
> THE COURT: And after discussing the case with your attorney, are you satisfied the guilty plea that you are offering is in your best interest?
>
> [MITCHELL]: Yes, sir.
>
> ***
>
> THE COURT: You understand you have an absolute right to have a trial by jury?
>
> [MITCHELL]: Yes, sir.

THE COURT: And do you understand that you have an abs --- or you are presumed innocent until found guilty?

[MITCHELL]: Yes, sir.

THE COURT: Do you understand that by pleading guilty you give up your presumption of innocence and your right to have a trial[?]

[MITCHELL]: Yes, sir.

THE COURT: Do you understand by pleading guilty you give up your right to have the Commonwealth prove your guilt beyond a reasonable doubt?

[MITCHELL]: Yes, sir.

THE COURT: Do you understand that by pleading guilty you give up your right to raise any possible defenses you may have to the charges?

[MITCHELL]: Yes, sir.

THE COURT: All right. Do you enter this plea of your own choice?

[MITCHELL]: Yes, sir.

THE COURT: Do you have any questions you desire to ask about anything I've said to you or about anything at all?

[MITCHELL]: No, sir.

THE COURT: All right. The Court finds the plea is intelligently, voluntarily, and understandingly tendered. The plea is accepted.

*Id.* at 28-30.[7]

Because there is no evidence in the record that Mitchell entered an involuntary, unknowing, or unintelligent plea, his ineffectiveness claim against plea counsel lacks arguable merit. As such, Mitchell's ineffectiveness claim

_____

[7] Mitchell also signed a written Plea Agreement Form. *See* Rule 907 Op., Ex. A; N.T. at 24.

against plea counsel fails. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) (stating "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim"). Because Mitchell's underlying argument that plea counsel was ineffective lacks merit, his layered claim regarding first PCRA counsel's ineffectiveness for failing to pursue the issue must also fail. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (concluding that if a petitioner cannot prove the underlying claim of trial counsel's ineffectiveness, then petitioner's derivative claim of subsequent counsel's ineffectiveness fails).

Mitchell's remaining three claims are as follows: trial counsel was ineffective for failing to argue that the Commonwealth erred in adding the drug delivery resulting in death charges after the preliminary hearing; trial counsel was ineffective in failing to argue that the evidence that bound over the charges from the preliminary hearing was based on inconsistent statements made by the Commonwealth's witnesses; and trial counsel was ineffective in failing to argue that a *Brady* violation occurred. *See Anders* Br. at 1-2.

Mitchell waived the claims underlying these ineffectiveness claims when he entered a guilty plea. *See Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa.Super. 2012) (stating "when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed"); *see also Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa.

2007) (observing that ["[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses") (citation omitted). The court informed Mitchell at the plea hearing that by pleading guilty, he was waiving his rights to file pre-trial motions or raise any defenses, and that any appeal would be limited to specific grounds. *See* N.T. at 16-17, 19-20. Thus, Mitchell's remaining claims fail.

After conducting our independent review, we agree with PCRA counsel that there is no basis for relief for Micthell. Accordingly, we affirm the PCRA court's dismissal of Mitchell's petition, and we grant counsel's petition to withdraw.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/3/2024